IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ISIS COOKE and BRUCE COOKE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:18-CV-527-RP |
| | § | |
| JOSUE SALINAS and CLEAN AIR LUXURY LIMO, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiffs Isis and Bruce Cooke's ("Plaintiffs") Motion to Remand, (Dkt. 3), and Defendant Clean Air Luxury Limo, LLC's ("Clean Air") response, (Dkt. 4). Having considered the parties' submissions, the record, and the applicable law, the Court will grant Plaintiffs' motion.

## I. DISCUSSION

Plaintiffs filed this action in the 459th Judicial District Court of Travis County, Texas on June 12, 2018. (Orig. Pet., Dkt. 1-3). Plaintiffs allege that they were injured in a collision with a car operated by one of Clean Air's drivers, Josue Salinas ("Salinas"). (*Id.* at 1–2). Both Clean Air and Salinas are named as defendants, and both are Texas citizens. (*Id.* at 1; Not. Removal, Dkt. 1, at 1).

Clean Air removed the case to this Court on June 25, 2018, based on this Court's diversity jurisdiction. (Not. Removal, Dkt. 1). Plaintiffs argue that removal is barred by 28 U.S.C. § 1441(b)(2), which provides that an action removable solely based on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (Mot. Remand, Dkt. 3, at 2). Clean Air does not dispute that this action is removable solely based on diversity jurisdiction. (Resp. Mot. Remand, Dkt. 4).

According to Plaintiffs, 28 U.S.C. § 1441(b)(2) therefore bars removal because Clean Air is a Texas citizen. (Mot. Remand, Dkt. 3, at 2).

Clean Air responds that 28 U.S.C. § 1441(b)(2) only bars removal by a defendant who is "properly served" and that Plaintiffs did not properly serve Clean Air because their petition identified Clean Air as "Clear Air Luxury Limo, LLC." (Resp. Mot. Remand, Dkt. 4, at 1–2). Even assuming *arguendo* that Clean Air was not properly served, there is no dispute that Salinas was properly served. (*See* Citation, Dkt. 1-5 (indicating that the petition was delivered to Salinas, Clean Air's registered agent, on June 16, 2018)). A case cannot be removed to federal court on the basis of diversity of citizenship when a properly joined and served in-state citizen is a defendant. The service of Salinas therefore bars the removal of this action, even if Plaintiffs' "Clear Air" typographical error were sufficient to render its service of Clean Air improper.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Remand, (Dkt. 3), is **GRANTED**. This case is **REMANDED** to the 459th Judicial District Court of Travis County, Texas. The Clerk of the Court shall **CLOSE** this case.

**SIGNED** on September 20, 2018.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE